**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ESTATE OF JOHN BUONOCORE III,<br>et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:06-cv-00727-GK |
| | ) | |
| GREAT SOCIALIST PEOPLE'S LIBYAN<br>ARAB JAMAHIRIYA, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| VICTOR SIMPSON, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:08-cv-00529-GK |
| | ) | |
| GREAT SOCIALIST PEOPLE'S LIBYAN<br>ARAB JAMAHIRIYA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## <u>DEFENDANTS' MOTION TO DISMISS DUPLICATIVE COMPLAINT</u>

Defendants, Great Socialist People's Libyan Arab Jamahiriya, Libyan Internal Security, Libyan External Security, Mu'Ammar Al-Qadhafi, Abdallah Al-Sanusi, and Ibrahim Al-Bishari[1] (the "Libyan Defendants"), by undersigned counsel, respectfully move this Court, pursuant to the Court's Order of July 15, 2008, for an order dismissing either the Amended Complaint filed in *Buonocore v. Great Socialist People's Libyan Arab Jamahiriya*, Case No. 1:06-cv-00727 or the Complaint in *Simpson v. Great Socialist People's Libyan Arab Jamahiriya*, Case No. 1:08-cv-

---

[1] Undersigned counsel has entered their appearance on behalf of Defendant Ibrahim Al-Bishari in the matter *Buonocore v. Great Socialist People's Libyan Arab Jamahiriya*, Case No. 1:06-cv-00727 only. Pursuant to the parties' Joint Praecipe filed herein (Dckt. No. 64), undersigned counsel is not authorized to accept service on behalf of Mr. Al-Bishari in the matter *Simpson v. Great Socialist People's Libyan Arab Jamahiriya*, Case No. 1:08-cv-00529 and does not file the instant motion on his behalf in that action.

00529 (filed March 27, 2008) on the grounds that they are wholly duplicative of one another, at

Plaintiffs' election.

In support of their motion, Defendants respectfully submit the accompanying

Memorandum of Points and Authorities.

Respectfully Submitted,

**ECKERT SEAMANS CHERIN
& MELLOTT, LLC**

By:      */s/ Thomas J. Whalen*
Thomas J. Whalen, Esq. (Bar No. 208512)
Mark A. Johnston, Esq. (Bar No. 455764)
1747 Pennsylvania Ave., N.W.,
Twelfth Floor
Washington, D.C. 20006
(202) 659-6600
twhalen@eckertseamans.com
mjohnston@eckertseamans.com

Wendy West Feinstein, Esq. (Pa ID No. 86698)
*Admitted Pro Hac Vice*
600 Grant Street
44th Floor
Pittsburgh, PA  15219
(412) 566-6000
wfeinstein@eckertseamans.com

Counsel for Defendants, Great Socialist People's
  Libyan Arab Jamahiriya, Libyan Internal
  Security, Libyan External Security, Mu'Ammar
  Al-Qadhafi, Abdallah Al-Sanusi, and Ibrahim
  Al-Bishari

Dated:  July 25, 2008

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ESTATE OF JOHN BUONOCORE III, et al. | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:06-cv-00727-GK |
| | ) | |
| GREAT SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| VICTOR SIMPSON, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:08-cv-00529-GK |
| | ) | |
| GREAT SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS DUPLICATIVE COMPLAINT**

Pursuant to the Court's Order dated July 15, 2008 (Dkt. No. 66) authorizing the Libyan Defendants to file a motion to dismiss focused solely on whether these actions are duplicative (while reserving any and all other rights, immunities and defenses), Defendants, Great Socialist People's Libyan Arab Jamahiriya, Libyan Internal Security, Libyan External Security, Mu'Ammar Al-Qadhafi, Abdallah Al-Sanusi, and Ibrahim Al-Bishari (the "Libyan Defendants") hereby submit that the matters of *Buonocore v. Great Socialist People's Libyan Arab Jamahiriya*, Case No. 1:06-cv-00727 and *Simpson v. Great Socialist People's Libyan Arab Jamahiriya*, Case No. 1:08-cv-00529 (filed March 27, 2008) are wholly duplicative of one

another and respectfully move the Court, for an order dismissing either the Amended Complaint in *Buonocore* or the Complaint filed in *Simpson*, at Plaintiffs' election.

## I.    INTRODUCTION

On April 21, 2006, Plaintiffs filed the *Buonocore* action.  The Complaint purported to allege that the Defendants (including the Libyan Defendants) provided material support to those responsible for the terrorist attack at the Leonardo da Vinci Airport in Rome, Italy on December 27, 1985.  Plaintiffs are victims and family members of victims of the December 27, 1985 attack.  Following the January 2008 amendments to the Foreign Sovereign Immunities Act, Plaintiffs sought leave to file an Amended Complaint in *Buonocore* to add new claims under those new amendments.  In their Motion for Leave, Plaintiffs stated "***[s]hould the Court not grant Plaintiffs' leave***, then Plaintiffs will re-file a new action under 28 U.S.C. [§] 1605A(c) against these same defendants . . ."  *See* Pl.'s Mtn. for Leave to Amend at 4-5, attached hereto as Exhibit A. (emphasis added).  This Court granted Plaintiffs leave to amend the *Buonocore* complaint on March 28, 2008 and Plaintiffs filed their Amended Complaint on that same date.

Plaintiffs' Amended Complaint purports to allege that Defendants (including the Libyan Defendants) provided material support to the Abu Nidal Organization ("ANO") terrorists responsible for carrying out the 1985 attack at the Rome airport.  The Amended Complaint in *Buonocore* sets forth nine counts: a claim under 28 U.S.C. § 1605A(c) including intentional infliction of emotional distress, solatium and punitive damages (Counts I, IV, and IV); state common law claims of battery, assault, intentional infliction of emotional distress and solatium, civil conspiracy and punitive damages (Counts II, III, IV, VII, and IV); as well as claims under state statutory and common law for wrongful death, survival and aiding and abetting (Counts V, VI, and VIII).

On March 27, 2008, Plaintiffs filed the *Simpson* action. The *Simpson* Complaint is identical to the *Buonocore* Amended Complaint: the same Plaintiffs are suing the same Defendants, and Plaintiffs set forth the same nine counts — in exactly the same order — arising from the same events. Compare *Buonocore* Amended Complaint (Dkt. No. 53) (setting forth allegations and counts identified above) with *Simpson* Complaint (identifying parties and alleging same claims as alleged in *Buonocore*); *see also* Joint Mtn. to Amend Briefing Schedule (Dckt. No. 65) at 1 (" . . . the Complaint in *Simpson v. Great Socialist People's Libyan Arab Jamahiriya*, Civil Action No. 08-529-GK . . . is identical to the Amended Complaint in [*Buonocore*].").[2]

Plaintiffs' only stated basis for maintaining both actions is that:

> the Libyan defendants have questioned whether the Plaintiffs may (a) amend and (b) proceed in *Buonocore* under 28 U.S.C. § 1605A pursuant to an Amended Complaint, which the Court has permitted to be filed. Accordingly, Plaintiffs maintain that in order to fully preserve their various clients' interests and rights, both the *Buonocore* action and the *Simpson* action must continue to remain as active case matters and operational Civil Actions within the Court

*See* Joint Praecipe at 4, attached hereto as Exhibit B. Plaintiffs' argument is without merit. For the reasons set forth below, Defendants respectfully move this Court for an order dismissing either the Amended Complaint in *Buonocore* or the Complaint filed in *Simpson*, at Plaintiffs' election.

---

[2] There appears to be two minor differences between the *Buonocore* and *Simpson* complaints: (1) the Amended Complaint in *Buonocore* alleges jurisdiction in the alternative under the old — and now stricken — FSIA terrorism exception to sovereign immunity, 28 U.S.C. § 1605(a)(7), as well as the new one, 28 U.S.C. § 1605A. *See, e.g.*, *Buonocore* Am. Compl. ¶¶ 1-3 (alleging jurisdictional basis for claims); and (2) all counts in Simpson are brought pursuant to § 1605A(c) in addition to the state statutory or common law grounds asserted in the Amended Complaint in *Buonocore*. *See, e.g.*, *Simpson* Compl. ¶¶ 108-148.

II.    **ARGUMENT**

A "plaintiff has 'no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant.'" *Zerilli v. Evening News Ass'n,* 628 F.2d 217, 222 (D.C. Cir. 1980) (quoting *Walton v. Eaton Corp.,* 563 F.2d 66, 70 (3d Cir. 1977). "The pendency of a prior action pending in the same federal court is grounds for abatement of the second action…[t]here is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket." *Walton,* 563 F.2d at 70. "It is enough if one complete adjudication of the controversy be had." *Sutcliffe & Warehouse Co. v. United States,* 162 F.2d 849, 852 (1st Cir. 1947). Plaintiffs do not have a right to maintain duplicative actions, and the filing of such duplicative actions, if allowed, hampers and adversely affects the efficacy and administration of a docket. Accordingly, this Court should dismiss one of Plaintiffs' duplicative actions.

In *Zerilli*, the plaintiffs brought two identical sets of claims against certain public officials, among others, for alleged violations of the plaintiffs' constitutional rights. The district court dismissed these new claims because the plaintiffs had already asserted the same claims against the defendants in a pending lawsuit. *Id.* at 222. The D.C. Circuit affirmed, holding that a plaintiff is not entitled to maintain duplicative claims against the same defendant. *Id.* ("Judge Gasch did not err in dismissing this claim, for a plaintiff has 'no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant.'") (quoting *Walton*, 563 F.2d at 70). Similarly, in *Mendlow*, the D.C. Circuit rejected the district court's basis for dismissal but affirmed the dismissal anyway on the basis that the claims were duplicative. The district court had dismissed the action *sua sponte* for failure to

prosecute without first notifying the plaintiff that dismissal was imminent. *Mendlow*, 1999 WL 187762, at *1. When the plaintiff appealed the dismissal, the D.C. Circuit agreed that the district court should have given plaintiffs notice before dismissing the suit for failure to prosecute, but it affirmed the judgment of dismissal because "[a]ppellant's complaint raises identical claims as those asserted by appellant in [an earlier case]." *Id.* As the D.C. Circuit stated, "[a]n action may be dismissed 'for reasons of wise judicial administration…whenever it is duplicative of a parallel action already pending in another federal court.'" *Id.* (citation omitted). Just as in *Zerilli*, the Court should dismiss one set of the duplicative claims.

The interests of judicial economy mandate the dismissal of duplicative actions. "The concern is to avoid the waste of duplication…and to avoid piecemeal resolution of issues which call for a uniform result." *Entines v. United States,* 495 F. Supp. 2d 84, 85 (D.D.C. 2007). "Dismissal of [a] duplicative lawsuit more so than the issuance of a stay or an enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." *Adams v. Cal. Dept. of Health Servs.*, 487 F.3d 684, 692 (9th Cir. 2007).

As in *Entines*, Plaintiffs have initiated wholly duplicative actions in *Buonocore* and *Simpson*, as both involve identical parties, causes of action, and factual bases, and in this case, are even in the same federal court. Indeed, *Buonocore* and *Simpson* share what the *Adams* Court deems "a common transactional nucleus of facts." *Adams,* 487 F.3d at 689. As such, the principle remains the same – duplicative actions hamper judicial administration, congest dockets, dilute and deplete judicial resources, and potentially create piecemeal resolution of issues that call for a uniform result. Consequently, in the interests of judicial economy and efficacy, either the *Buonocore* Amended Complaint or the *Simpson* Complaint must be dismissed.

It is undisputed that district courts retain broad discretion to control their dockets. *Adams,* 487 F.3d at 688. However, within this broad discretion it is uniformly recognized that a "district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Id.* In *Adams*, "the district court acted within its discretion in dismissing Adam's duplicative complaint with prejudice and preventing her from 'fragmenting a single cause of action and litigating piecemeal issues which could have been resolved in one action.'" *Id.* at 694 (quoting *Flynn v. State Bd. of Chiropractic Exam'rs*, 418 F.2d 668, 668 (9th Cir. 1969)). In this case, the Court, in its discretion, should not prejudice the Libyan Defendants by authorizing Plaintiffs to maintain a duplicative action. Rather, Plaintiffs' should be limited to a single lawsuit against the Libyan Defendants in which they assert their claims arising from the facts alleged in *Buonocore*. Moreover, as shown above, allowing Plaintiffs to maintain two actions would be contrary to tenets of judicial economy and the comprehensive disposition of litigation. The D.C. Circuit has explicitly endorsed the dismissal of wholly duplicative claims explaining that plaintiffs retain ***no such right*** to maintain duplicative claims in the same court, involving identical subject matter and against the same defendant. *Zerilli,* 628 F.2d at 222.

Finally, the D.C. Circuit recently issued a comprehensive and authoritative decision addressing the operation of the new statute. *See Simon v. Republic of Iraq,* ---F.3d ----, No. 06-7175, 2008 WL 2497417 (D.C. Cir. June 24, 2008) (interpreting Section 1605A). Thus, plaintiffs cannot reasonably rely upon any uncertainty as to the proper interpretation of Section 1605A as a basis for maintaining both duplicative actions.

In order to avoid any potential prejudice and unfairness, the Libyan Defendants suggest that the Court permit Plaintiffs to chose which of the two actions may go forward, either *Simpson* or *Buonocore*.  But Plaintiffs should not be permitted to proceed with both duplicative actions, and neither the Libyan Defendants nor the Court should be burdened with the administration of two duplicative actions.

## III.    CONCLUSION

For the foregoing reasons, the Libyan Defendants respectfully move this Court to dismiss either the *Simpson* or *Buonocore* action – at Plaintiffs' election – because the actions are wholly duplicative of one another.

Respectfully Submitted,

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By:      */s/ Thomas J. Whalen*
Thomas J. Whalen, Esq. (Bar No. 208512)
Mark A. Johnston, Esq. (Bar No. 455764)
1747 Pennsylvania Ave., N.W.,
Twelfth Floor
Washington, D.C. 20006
(202) 659-6600
twhalen@eckertseamans.com
mjohnston@eckertseamans.com

Wendy West Feinstein, Esq. (Pa ID No. 86698)
*Admitted Pro Hac Vice*
600 Grant Street
44th Floor
Pittsburgh, PA  15219
(412) 566-6000
wfeinstein@eckertseamans.com

Counsel for Defendants, Great Socialist People's
  Libyan Arab Jamahiriya, Libyan Internal
  Security, Libyan External Security, Mu'Ammar
  Al-Qadhafi, Abdallah Al-Sanusi, and Ibrahim
  Al-Bishari

Dated:  July 25, 2008

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copies of the foregoing **Motion to Dismiss Duplicative Complaint, Memorandum of Points and Authorities and Proposed Order** were electronically filed and served, this 25th day of July, 2008, to:

> Richard D. Heideman
> Noel J. Nudelman
> Tracy Reichman Kalik
> Heideman Nudelman & Kalik, P.C.
> 1146 19th Street, NW
> 5th Floor
> Washington, DC 20036
>
> Steven R. Perles
> Edward MacAllister
> PERLES LAW FIRM, P.C.
> 1146 19th Street, NW
> 5th Floor
> Washington, DC 20036

> _/s/ Thomas J. Whalen_
> Thomas J. Whalen

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ESTATE OF JOHN BUONOCORE III, et al. | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:06-cv-00727-GK |
| GREAT SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA, et al. | ) ) ) | |
| Defendants. | ) ) | |
| VICTOR SIMPSON, et al. | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:08-cv-00529-GK |
| GREAT SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA, et al. | ) ) ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Having reviewed and considered Defendants, Great Socialist People's Libyan Arab

Jamahiriya, Libyan Internal Security, Libyan External Security, Mu'Ammar Al-Qadhafi,

Abdallah Al-Sanusi, and Ibrahim Al-Bishari's Motion to Dismiss Duplicative Complaint, and the

papers filed in support thereof, Plaintiffs' papers filed in opposition thereto, and the entire record

herein, it is hereby

ORDERED, that Defendants' Motion to Dismiss is GRANTED, and the Plaintiffs shall elect, no later than 15 days after the date of this Order, which of the *Simpson* or *Buonocore* actions shall proceed.  Following Plaintiffs' election, the Court shall dismiss with prejudice the action that the Plaintiffs have elected for dismissal.


SO ORDERED this _____ day of _____, 2008



_____
Judge Gladys Kessler
U.S. District Court for the District of Columbia