**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Estate of John Buonocore III, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Socialist People's Libyan Arab Jamahiriya, *et al.*,<br><br>Defendants. | ) | Civil Action No. 06-00727 (GK) |
| Victor Simpson, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Socialist People's Libyan Arab Jamahiriya, et al.<br><br>Defendants. | ) | Civil Action No. 08-529 (GK) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS DUPLICATIVE COMPLAINT**

COME NOW the Plaintiffs, by and through counsel, and hereby file their Opposition to the Libyan Defendants' Motion to Dismiss Duplicative Complaint. In their motion, the Defendants argue that the Court should dismiss either the Amended Complaint in *Buonocore v. Socialist People's Libyan Arab Jamahiriya*, No. 06-cv-00727 (Dkt. Entry #53) or the Complaint in *Simpson v. Socialist People's Libyan Arab Jamahiriya*, No. 08-cv-529 (Dkt Entry # 1). The interests of all parties, however, will be best protected and judicial economy will best be served if the Court denies Defendants'

Motion to Dismiss and grants Plaintiffs' Motion to Consolidate, (Dkt Entry #6), the *Simpson* matter with the *Buonocore* matter.

**ARGUMENT**

As the Defendants' Motion correctly sets forth, on March 28, 2008, this Court granted the Plaintiffs' leave to file an Amended Complaint in the *Buonocore* matter. The Amended Complaint asserts allegations under 28 U.S.C. § 1605A and in the alternative 28 U.S.C. § 1605(a)(7). In their motion requesting leave, the Plaintiffs argued that the National Defense Authorization Act for Fiscal Year 2008, Pub. L. No. 110-181, 122 Stat. 3, 338-344 (2008) ("NDAA"), Sec. 1083.

In addition, in order to fully protect their rights to proceed under the new cause of action created by 28 U.S.C. §1605A(c), Plaintiffs filed the new *Simpson* complaint on March 27, 2008. Unlike the Amended Complaint in *Buonocore*, which asserts causes under 28 U.S.C. § 1605A(c) and in the alternative 28 U.S.C. § 1605(a)(7), the *Simpson* Complaint only asserts causes of action pursuant to 28 U.S.C. § 1605A(c). Moreover, it does not rely on the statutory construction of the NDAA in Sec. 1083(c) to permit the Court to give the case the effect of having been brought under 28 U.S.C § 1605A(c), rather it was filed as a new related action to the *Buonocore* case, within the statutory time period permitted by the NDAA.[1] Plaintiffs were compelled to file the *Simpson* matter when they did because of (1) the statutory time requirements imposed by Public Law No. 110-181, Sec. 1083(c)(3)(B), and (2) because Plaintiffs believed that the Defendants

[1] Public Law No. 110-181, Sec. 1083(c)(3)(B) which provides, in pertinent part, that if an action arising out of an act or incident has been timely commenced under section 1605(a)(7), as the *Buonocore* case was, then any other action arising out the same act or incident may be brought under section 1605A, provided that the related action was brought within 60 days of the enactment of the NDAA. The NDAA was enacted on January 28, 2008, thus the *Simpson* matter was brought within the requisite 60 day timeframe.

would challenge Plaintiffs' right in *Buonocore* to proceed under Sec. 1083(c)(2)(A) by filing a Amended Complaint.

While the Defendants have argued that the *Buonocore* and *Simpson* cases are entirely duplicative, that is not accurate because (1) *Buonocore* was amended pursuant to Sec. 1083(c) and *Simpson* was brought pursuant to a different provision of the NDAA, Sec. 1083(c)(3)(B), and (2) the *Buonocore* complaint alleges causes of action under 28 U.S.C. §1605A(c) and in the alternative 28 U.S.C. § 1605(a)(7) while the *Simpson* complaint only asserts causes of action pursuant to 28 U.S.C. § 1605A(c). When there is concern that complaints are duplicative, courts have the power to consolidate suits between the same parties concerning the same subject matter and often do so. *Moncrief v. Kennedy*, 1988 U.S. App. LEXIS 18786 at *2 (D.C. Cir. 1988) (citing *Walton v. Eaton Corp.* 563 F.2d 66, 71 (3d Cir.1977)). *See also*, *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. N.Y. 2000) (If there is a duplicative suit a court will commonly . . . consolidate the two actions.).

In the *Walton* case, which the Defendants rely on to support their argument for dismissal of either the *Buonocore* or *Simpson* complaint, (Mot. Dismiss at 4), the court held:

> When a court learns that two possibly duplicative actions are pending on its docket, consolidation may well be the most administratively efficient procedure. If the second complaint proves to contain some new matters, consolidation unlike dismissal of the second complaint without prejudice or staying the second action will avoid two trials on closely related matters. If, on the other hand, the second complaint proves to contain nothing new, consolidation of the two actions will cause **no harm** provided that the district court carefully insures that the plaintiff does not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed.

563 F.2d at 71 (emphasis added). Here, the plaintiffs are not attempting to expand their procedural rights, nor are they attempting to circumvent the rules for amending a complaint. To the contrary, Plaintiffs have followed the exact procedures explicitly prescribed by NDAA sec. 1083(c) and as same have now been affirmed in the recent decision of *Simon v. Republic of Iraq*, 529 F.3d 1187, 1191-93 (D.C. Cir. 2008). In *Simon,* the D.C. Circuit issued a comprehensive opinion which addresses the application of NDAA and §1605A.

In *Simon*, the D.C. Circuit made several important holdings. First, the Circuit held even after the enactment of the NDAA, courts retain jurisdiction over cases filed pursuant to § 1605(a)(7), and that courts may enter judgments pursuant to § 1605(a)(7). *Id*. at 1191-92. In addition, the Court found that in order to claim the benefits of the newly enacted § 1605A, plaintiffs must file "a new action under that new provision." *Id*. at 119. Thus, the D.C. Circuit contemplated that there would be situations, such as this one, where the plaintiffs would not only maintain their original action under 28 U.S.C. § 1605(a)(7), but would also proceed with filing a new action to insure that they were able to claim the new benefits afforded in the newly enacted 28 U.S.C. § 1605A.[2]

These same Defendants have filed a motion to dismiss in other terrorism cases against them that challenges the constitutionality of the NDAA and § 1605A, arguing, in part, that the retroactive amendment mechanism of the NDAA and §1605A is

---

[2] 28 U.S.C. § 1605A now unequivocally creates a federal private right of action for nationals of the United States (or their legal representatives) who were injured or killed by acts of terrorism against any foreign state that is or was a state sponsor of terrorism. This private cause of action allows these individuals to maintain a federal cause of action for money damages which may include economic damages, solatium, pain and suffering and punitive damages. In addition, the law provides that the foreign state shall be vicariously liable for the acts of its officials, employees and agents. 28 U.S.C. § 1605A(c). It also provides that the foreign state shall be liable for additional damages relating the reasonably foreseeable property loss that was incurred by reason of the same acts of terrorism 28 U.S.C. § 1605A(d).

unconstitutional, which would result in the dismissal of Plaintiffs' claims under 28 U.S.C. § 1605A in *Buonocore*. Defendants will certainly file the same constitutional challenge in *Buonocore* if given the opportunity. If Defendants prevail on this challenge, only Plaintiffs' 28 U.S.C. § 1605(a)(7) related claims in *Buonocore* will survive.[3]

Defendants have advised the Court that they will seek to dismiss the *Simpson* matter in a separate motion to dismiss. Accordingly, this Court should not dismiss either *Buonocore* or *Simpson* in the event that Defendants' challenge to the constitutionality of the NDAA and § 1605A fails but Defendants' challenge to the amendment mechanism of the NDAA succeeds; Plaintiffs would be left without a full remedy. In that event, Plaintiffs will need the *Simpson* complaint to bring their cause of action under § 1605A against the Defendants. Plaintiffs, therefore, must be permitted to maintain both lawsuits until Defendants' substantive motions to dismiss have been finally resolved in order to ensure that have not failed to assert all of their lawful rights.

Finally, the Defendants cannot argue that they are in any way prejudiced or unduly burdened if the Plaintiffs are permitted to proceed through a consolidation of the *Buonocore* and *Simpson* matters, because the parties have agreed to proceed in a consolidated and efficient proceeding, should the Court not grant Defendants' Motion to Dismiss for duplicative reasons. Thus, all of the pleadings and decisions of the Court will apply in both cases, with no additional burden applying to any of the parties or the Court.

[3] *Simon v. Republic of Iraq*, 529 F.3d 1187, 1191-93 (D.C. Cir. 2008) (holding that plaintiffs with pending actions at the time of the passage of the NDAA may continue to pursue them under 28 U.S.C. § 1605(a)(7) and the Flatow Amendment, supplemented by state causes of action).

Plaintiffs therefore respectfully request the Court deny Defendants' Motion to Dismiss on the ground of duplicativeness and grant Plaintiffs' pending motion to consolidate the *Plfug* matter with the *Buonocore* matter remaining as the senior matter.

August 14, 2008 Respectfully Submitted,

**Counsel for the Plaintiffs**:


HEIDEMAN NUDELMAN & KALIK, PC
1146 19th Street NW, Fifth Floor
Washington, DC 2008
Telephone: 202.463.1818
Facsimile: 202.463.2999

By: _*/s/Richard D. Heideman*________

_*/s/ Tracy Reichman Kalik*_________
Richard D. Heideman (No. 377462)
Noel J. Nudelman (No. 449969)
Tracy Reichman Kalik (No. 462055)

Steven R. Perles (No. 326975)
Edward MacAllister (No. 494558)
THE PERLES LAW FIRM, PC
1146 19th Street, NW, 5th Floor
Washington, DC 20036
Telephone: 202-955-9055
Telefax: 202-955-3806

*Of Counsel for Plaintiffs:*

F. R. Jenkins (Virginia Bar No. 36302)
Meridian 361 International Law
Group, PLLC
Temple Court Chambers
New Court
Temple
London EC4Y 9BE
United Kingdom
Tel. + 1-866-338-7087
Facsimile + 1-202-315-3894

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Estate of John Buonocore III, *et al.*,

Plaintiffs,

v.

Great Socialist People's Libyan Arab Jamahiriya, *et al.*,

Defendants.

Civil Action No. 06-00727 (GK)

Victor Simpson, *et al.*,

Plaintiffs,

v.

Socialist People's Libyan Arab Jamahiriya, et al.

Defendants.

Civil Action No. 08-cv-529 (GK)

**ORDER**

This matter having come before the Court on Libyan Defendants' Motion to Dismiss Duplicative Complaint (Dkt. #67 and Dkt. #7, *Buonocore* and *Simpson* respectively) and the Court having been sufficiently advised,

IT IS HEREBY ORDERED and ADJUDGED that Defendants motions are hereby DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Consolidate the *Buonocore* and *Simpson* actions (Dkt. #6) is hereby GRANTED and these matters are

hereby consolidated for all further proceedings with the *Buonocore* matter remaining as the senior lead action.

IT IS SO ORDERED on this the ________ day of _________________, 2008.

___________________________________
Hon. Gladys Kessler
United States District Court